UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD GIBSON, | ) | CASE NO. 5:21-cv-1179 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| STARK COUNTY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Reginald Gibson ("Gibson" or "plaintiff") filed this civil rights action against Stark County. (Doc. No. 1). For the following reasons, this action is dismissed.

## I. Background

Plaintiff filed a complaint on March 26, 2021, in the United States District Court, Northern District of Illinois, Eastern Division. Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 3). On June 14, 2021, the action was transferred to this Court. (Doc. No. 6).

Plaintiff states in his complaint that, while he was detained in the Stark County Jail in 2013, in connection with Stark County Court of Common Pleas Case Number 2013-CR-0120, he was "totally deprived of [his] right to exercise on a daily basis." (Doc. No. 1 at 3). Plaintiff also alleges that the defendant "increased [his] bail . . . to an astonishing $500,000 surety, without ever having a bond hearing." (*Id.*). Plaintiff seeks monetary relief.

## II. Standard of Review

Gibson filed an application to proceed *in forma pauperis* (Doc. No. 3). That application is granted.

Because Gibson is proceeding *in forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2). Under this statute, the Court is expressly required to review all *in forma pauperis* actions and to dismiss before service any such action the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

To survive scrutiny under 28 U.S.C. § 1915(e)(2), a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See id.* at 471 (holding that the Fed. R. Civ. P. 12(b)(6) dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) governs dismissals under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted). The plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678. When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, 550 U.S. at 564.

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). The Court is not required, however, to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

*Pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Courts are not required, however, to accept as true factual allegations that are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

### III. Law and Analysis

Plaintiff does not allege violation of a specific statute or constitutional provision in his complaint. The only possible federal cause of action that could be liberally construed from the facts in plaintiff's complaint would arise under 42 U.S.C. §1983, a civil rights statute. Plaintiff appears to allege that in 2013 Stark County violated his civil rights as a pretrial detainee when the County deprived him of daily exercise and ordered excessive bail without a hearing.

To establish a violation under § 1983, a plaintiff must show that a person acting under color of state law deprived him or her of rights, privileges, or immunities secured by the

Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). Plaintiff's claim under § 1983 is unavailing.

Local governments generally may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a respondeat superior theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, county liability is limited to situations in which the deprivation of constitutional rights results from an official policy or custom of the county. *Id. Monell* and its progeny require that (1) a municipality be held liable only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury," *Monell*, 436 U.S. at 694, and that (2) there be an "affirmative link between the policy and the particular constitutional violation alleged," *Oklahoma City v. Tuttle*, 471 U.S. 808, 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985); *see Petty v. Cnty. of Franklin, OH*, 478 F.3d 341, 347 (6th Cir. 2007).

Counties and other bodies of local government may therefore be sued pursuant to 42 U.S.C. § 1983 if they are "alleged to have caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988) (quoting *Monell*, 436 U.S. at 690). And the United States Court of Appeals for the Sixth Circuit has held that a plaintiff may show the existence of a policy or custom leading to the alleged violation by identifying the following: "'(1) the municipality's legislative enactments or official policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal

violations.'" *Winkler v. Madison Cnty.*, 893 F.3d 877, 901 (6th Cir. 2018) (quoting *Baynes v. Cleland*, 799 F.3d 600, 621 (6th Cir. 2015)).

Here, plaintiff has not pleaded any facts concerning a county policy or custom that may have caused a constitutional deprivation. He therefore fails to state a plausible claim against the county.

Even if plaintiff stated a claim against Stark County, his claims concerning events that occurred in 2013 would be dismissed as time-barred. Section 1983 claims brought in Ohio are subject to the two-year limitations period for bodily injuries. *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (two-year statute of limitations for actions for bodily injury "is the appropriate statute of limitations for actions arising in Ohio under 42 U.S.C. § 1983") (citing Ohio Rev. Code § 2305.10); *see also Hrynczyn v. Mitchell*, No. 4:07 CV 3833, 2008 WL 649176, at *2 (N.D. Ohio Mar. 10, 2008) (dismissing as time-barred action filed six years beyond the two-year limitations period for bringing § 1983 claims) (citing *Fraley v. Ohio Gallia Cnty.*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir. Oct. 30, 1998) (affirming *sua sponte* dismissal of *pro se* § 1983 action filed after two-year statute of limitations for bringing such an action had expired)). And the statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir.1996).

The incidents at issue occurred in 2013. Plaintiff alleges that he was denied daily exercise during his pretrial detention from January 2013 to August 2013, when he was convicted. (Doc. No. 1 at 3). Plaintiff was on notice of his daily exercise in 2013 and could have raised a claim at that time but did not do so. He also claims that the defendant ordered excessive bail without

holding a hearing. (*Id.*). Plaintiff's pretrial bond, however, was no longer an issue once he was convicted (in August 2013) and was being held on a lawful conviction. The issue of bond was therefore settled in 2013 and was not raised on direct appeal. *See State v. Gibson*, No. 2013CA00175, 2014 WL 1341802 (Ohio Ct. App. Mar. 17, 2014).

Plaintiff appears to claim that the statute of limitations period was tolled until March 29, 2019, when the United States Supreme Court denied certiorari and his case "became final." (Doc. No. 1 at 4). Plaintiff is presumably referring to his habeas petition filed in this Court pursuant to 28 U.S.C. § 2254, in which he sought to vacate his convictions. *Gibson v. Haviland*, Case No. 5:17-cv-8. The docket in that case reflects that plaintiff appealed this Court's dismissal of his habeas petition to the United States Supreme Court, which denied plaintiff's petition for a writ of certiorari on April 25, 2019. *See Gibson v. Haviland*, 139 S. Ct. 1611 (2019). Plaintiff's habeas proceedings, however, are irrelevant to his pretrial detention and such proceedings cannot revive the issue concerning pretrial detention eight years later.

Plaintiff therefore fails to state a claim upon which relief may be granted.

### IV. Conclusion

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's application to proceed *in forma pauperis* (Doc. No. 3) is granted.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: September 23, 2021

                 **HONORABLE SARA LIOI**
                 **UNITED STATES DISTRICT JUDGE**